# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELE MENZA, on behalf of herself and all others similarly situated, | Civil Case No.:_____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| RECEIVABLES MANAGEMENT PARTNERS, LLC; b/d/a BERKS CREDIT COLLECTIONS; and JOHN DOES 1-25. | |
| Defendant(s). | |

Plaintiff, MICHELE MENZA, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, RECEIVABLES MANAGEMENT PARTNERS, LLC; b/d/a BERKS CREDIT COLLECTIONS (hereinafter "BERKS"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Morris County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. BERKS has a business location at 900 Corporate Drive, Reading, PA 19605.

8. Upon information and belief, BERKS is a business that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. BERKS is a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their

successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12.   This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from BERKS concerning debt owed to ID ASSOC, PA, that stated a "Total", which included "Fees" that were not due at the time the letter and/or notice was sent and/or was not authorized and/or permitted by law.

- <u>The Class period begins one year to the filing of this Action</u>.
- The class definition may be subsequently modified or refined.

13.   The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.   Whether Defendant violated various provisions of the FDCPA;

      b.      Whether Plaintiff and the Class have been injured by Defendants' conduct;

      c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class

   members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. BERKS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. BERKS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. Sometime prior to December 16, 2106, Plaintiff allegedly incurred a financial obligation to ID ASSOC, PA ("ID ASSOC").

18. ID ASSOC is a "creditor" as defined by 15. U.S.C. § 1692a(4).

19. Sometime prior to December 16, 2016, ID ASSOC, either directly or through intermediate transactions assigned, placed, or transferred the ID ASSOC obligation to BERKS for the purpose of collection.

20. At the time the ID ASSOC obligation was assigned, placed, or transferred to BERKS, such obligation was in default.

21. BERKS, caused to be delivered to Plaintiff a letter dated December 16, 2016 concerning the alleged ID ASSOC obligation, which sought a balance of $416.00. A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

22. The December 16, 2016 letter was sent or caused to be sent by persons employed by BERKS as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

23. The December 16, 2016 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

24. Upon receipt, Plaintiff read the December 16, 2016 letter.

25. The alleged ID ASSOC obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

26. The December 16, 2016 letter stated:

>     RE:        ID ASSOC, PA
>     Principal  $320.00
>     Interest:  $0.00
>     Fees:      $96.
>     Total:     $416.00

40. There is no agreement between Plaintiff and others similarly situated and their respective ID ASSOC expressly authorizing the "Fee."

41. There is no law, which permits a "Fee" to be charged to Plaintiff, and others similarly situated.

42. At the time the December 16, 2016 letter was sent to Plaintiff, BERKS had not billed ID ASSOC "Fees" in the amount of $96.00.

43. At the time the December 16, 2016 letter was sent to Plaintiff, BERKS had not charged ID ASSOC "Fees" in the amount of $96.00.

44. At the time the December 16, 2016 letter was sent to Plaintiff, ID ASSOC had not incurred "Fees" to BERKS in the amount of $96.00.

45. At the time the December 16, 2016 letter was sent to Plaintiff, ID ASSOC had not paid "Fees" to BERKS in the amount of $96.00.

46. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, BERKS sent collection letters attempting to collect debts on behalf of ID ASSOC to more than 50 consumers residing within the State of New Jersey in which it demanded an amount for "Fees" that was not due as of the dates of the letters.

47. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, BERKS sent collection letters attempting to collect debts on behalf of ID ASSOC to more than 50 consumers residing within the State of New Jersey in which it demanded an amount for "Fees" that had not yet been charged to or paid by ID ASSOC as of the date the collection letter was sent.

48. The December 16, 2016 overshadows and/or contradicts the protections provided by 15 U.S.C. § 1692g(a) et seq.

49. Defendant's December 16, 2016 letter that BERKS sent to Plaintiff and others similarly situated does not comply with the FDCPA and constitutes abusive, deceptive and unfair collection practices.

50. BERKS knew or should have known that its actions violated the FDCPA.

51. BERKS could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law

## POLICIES AND PRACTICES COMPLAINED OF

52. It is BERKS' policy and practice to send written collection communications, in the form annexed hereto as Exhibit A, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) By making false representations of the compensation, which may be lawfully received by any debt collector for the collection of a debt;

   (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

   (d) Collecting or attempting to collect any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

53. On information and belief, BERKS has sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

54. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

55. Collection letters and/or notices, such as those sent by BERKS, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

56. BERKS violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

57. BERKS violated 15 U.S.C. § 1692e of the FDCPA by using a false, deceptive or misleading representation or means in connection with its attempts to collect the alleged debts from Plaintiff and others similarly situated.

58. By demanding an amount for "Fees" in its collection letters to Plaintiff and others similarly situated when said "Fees" were not yet, if at all, due, BERKS violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

59. By representing to Plaintiff and others similarly situated that an amount was due for "Fees" in its collection letters when said "Fees" were not yet, if at all, due pursuant to the underlying contracts or were not permitted by law, BERKS violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

60. BERKS violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of the alleged debts in its collection letters to Plaintiff and others similarly situated.

61. BERKS violated 15 U.S.C. § 1692e(10) of the FDCPA by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff and others similarly situated.

62. BERKS violated 15 U.S.C. § 1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt from Plaintiff and others similarly situated.

63. BERKS violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect an amount from Plaintiff and others similarly situated that was not expressly authorized by the agreement creating the debt or permitted by law.

64. The violations of the FDCPA described herein constitute *per se* violations

65. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

66. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

67. Section 1692f(1) of the FDCPA prohibits the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

68. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

69. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

70. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

71. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

72. Plaintiff and others similarly situated were sent letters, which would have affected their decision-making with regard to the debt.

73. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

**WHEREFORE,** Plaintiff demands judgment against the BERKS as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: April 3, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: April 3, 2017

                                                *s/ Joseph K. Jones*
                                              Joseph K. Jones, Esq.

# Exhibit A

Dept. # 14474
P.O. Box 1254
Oaks, PA 19456



**Pay online at:** http://mlmenza3aaab.revexpress.com
password: mich#624

0015895195

TO PAY BY CREDIT CARD, FILL OUT BELOW

VISA  MASTERCARD  DISCOVER

CARD NUMBER          AMOUNT

PHONE                EXP. DATE

SIGNATURE            3 DIGIT SECURITY
                     CODE FROM BACK
                     OF CARD

TOTAL ▶ $416.00

19314 - 102

MICHELE L MENZA
5 LOWER OVERLOOK RD
GILLETTE NJ  07933-1506

011687

BERK'S CREDIT COLLECTIONS
PO BOX 329
TEMPLE PA  19560-0329

---

SEPARATE AND RETURN TOP PORTION WITH YOUR PAYMENT

12/16/16

RE: ID ASSOC, PA
Principal: $320.00
Interest: $0.00
Fees: $96.00
Total: $416.00

Dear MICHELE L MENZA,

Please be advised that your account has been placed with Berk's Credit Collections for collection.

This is an attempt to collect a debt, and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

## PAYMENT OPTIONS

- Pay online at http://mlmenza3aaab.revexpress.com, password: mich#624
- Pay-by-phone: 1-800-448-8709
- Mail in a check or credit card information with the section above

Sincerely,

New Accounts Supervisor
1-800-448-8709

All returned checks are subject to a minimum charge of $25.00.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**



1 of 1

19314-101-102

| Client Name | Client Ref No: | Principal | Interest | Other | Total |
|---|---|---|---|---|---|
| ID ASSOC, PA | 439128 | 160.00 | .00 | 48.00 | 208.00 |
| DATE OF SERVICE | 01/04/16 | | | | |
| ID ASSOC, PA | 440002 | 160.00 | .00 | 48.00 | 208.00 |
| DATE OF SERVICE | 01/05/16 | | | | |
| | | | | | ============ |
| | | | | | 416.00 |